IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

OKMULGEE COUNTY RURAL WATER )
DISTRICT NO. 2, an agency and )
legally constituted authority )
of the State of Oklahoma, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-06-167-KEW
 )
CITY OF OKMULGEE, an Oklahoma )
Municipality; and THE OKMULGEE )
PUBLIC WORKS AUTHORITY, )
a public trust, )
 )
        Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Defendant to Join the United States Department of Agriculture or, Alternatively, to Dismiss Certain of Defendant's Affirmative Defenses and Counterclaims filed June 29, 2006 (Docket Entry #19). A response and reply have been filed in a timely manner. Upon review and consideration of these filings, this Court enters this ruling.

On May 5, 2006[1], Plaintiff Okmulgee County Rural Water District No. 2 ("Okmulgee-2") initiated this action, alleging a violation by Defendant City of Okmulgee ("City") of the protections to its water service territory as provided by 7 U.S.C. § 1926(b). The relief sought by Okmulgee-2 is based in 42 U.S.C. § 1983,

---

    1 On July 11, 2006, Okmulgee-2 amended the Complaint with leave of this Court to add The Okmulgee Public Works Authority as an additional party Defendant.

declaratory and injunctive relief and the imposition of a constructive trust. The City answered the original Complaint and filed a counterclaim, which alleged, *inter alia*, that Okmulgee-2 did not obtain a federal loan on its facilities until 1999 or 2000 - an essential condition to availing a rural water district of the § 1926(b) protections. Additionally, among the declaratory relief sought by the City in its counterclaim is the following:

> . . . (3) that [Okmulgee-2], by obtaining a federal loan for the purpose of circumventing and avoiding the constitutional limitations imposed on [Okmulgee-2] by the Article V, Section 51 of the Constitution of the State of Oklahoma, has engaged in action that is unlawful for a rural water district created and existing by virtue of the laws of the State of Oklahoma, and that said loans, to the extent they are in violation of Oklahoma law, are void; and (4) that [Okmulgee-2] has the financial ability to obtain other responsible credit, at reasonable rates and terms for loans for similar purposes, and as such as the financial ability to retire or refinance the loans that are used to form the basis of this action.

According to the parties, the loans obtained by Okmulgee-2 originate from the United States Department of Agriculture ("USDA"). Through the subject Motion, Okmulgee-2 seeks to compel the City to add the USDA as a necessary and indispensable party, given the City's affirmative defenses and counterclaim seeking to void the loans between USDA and Okmulgee-2. Alternatively, in the event the USDA cannot be added as a party, Okmulgee-2 requests that the affirmative defenses and counterclaim challenging the status of the loans be stricken. The City (and the newly-added Defendant Okmulgee Public Works Authority) oppose the Motion,

2

contending they are in the process of preparing and filing a motion to dismiss which, if granted, will alleviate the need to consider the addition of the USDA to this case. Defendants request that the motion either be denied or held in abeyance until the motion to dismiss is decided by this Court. This Court notes Defendants filed their motion to dismiss on July 31, 2006.

Joinder of necessary parties and what constitutes a necessary party is set forth in Fed. R. Civ. P. 19(a), which provides:

> **(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Clearly, a party to a contract is a necessary party to any action which challenges the validity of the contract or seeks to alter its terms. Jicarilla Apache Tribe v. Hodel, 821 F.2d 537, 540 (10th Cir. 1987) citing Lomayaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th Cir. 1975), *cert. denied*, 425 U.S. 903 (1976)("No

procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.") In considering the factors relevant to a Rule 19(a) inquiry, this Court specifically finds (1) complete relief cannot be afforded the parties to this action without the joinder of the USDA, as the linchpin argument making up Defendants' counterclaim concerns the validity of the loans between Okmulgee-2 and the USDA; (2) the USDA necessarily claims an interest in these proceedings and the ultimate relief sought by both parties since, if the loans are void, the USDA's ability to collect or enforce their terms will be impaired; (3) should the USDA not be joined, it's interests are not adequately protected by the parties already named in the case; and (4) multiple and inconsistent results could be forthcoming, should the USDA seek an alternative forum in which to enforce their agreement with Okmulgee-2. Consequently, this Court must conclude that the USDA is a necessary party to this action.

The feasibility of joining the USDA turns directly upon that governmental agency's ability to claim sovereign immunity, since such a claim defeats the feasibility of joinder. Davis v. United States, 192 F.3d 951-957-62 (10th Cir. 1999). Recognizing this Court is without the benefit of input by the affected party, it appears sufficiently clear at this juncture that the Administrative

4

Procedures Act ("APA") provides the necessary waiver of sovereign immunity to permit the USDA to be joined in this action. 5 U.S.C. § 702. Under the APA, sovereign immunity is waived by a governmental agency in relation to non-monetary claims. Robbins v. United States, 438 F.3d 1074, 1080 (10th Cir. 2006). Indeed, the waiver has been specifically applied in actions alleging a violation of § 1926(b). *See* Melissa Industrial Dev. Corp. v. North Collin Water Supply Corp., 256 F.Supp.2d 557 (E.D. Tex. 2003). As a result, this Court preliminary concludes the USDA has waived is sovereign immunity, making its joinder in this action feasible. Once joined, should the USDA wish to challenge this preliminary conclusion, it may do so by appropriate motion.

Defendants' primary objection to the joinder of the USDA is it will be unnecessary should their motion to dismiss be granted. This represents an insufficient basis upon which to deny the joinder of a necessary party. Considerable time will be wasted should the joinder be delayed pending briefing of the dismissal issues. The mere filing of Defendants' Motion should not forestall joinder.

The alignment of the USDA in this action is somewhat problematic. Okmulgee-2 suggests it should be added as a third party defendant. This Court finds it a better course to add the USDA, at least initially, as a party Defendant. Realignment may be necessary upon the USDA's request once it is joined.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Defendant to Join the United States Department of Agriculture filed June 29, 2006 (Docket Entry #19) is hereby **DENIED**, as requested. However, the alternative request for Plaintiff Okmulgee County Rural Water District No. 2 to file a Second Amended Complaint, adding the United States Department of Agriculture as a party Defendant is **GRANTED**, since it is found that this agency is a necessary party to this action. Plaintiff shall file its Second Amended Complaint no later than **AUGUST 10, 2006**.

IT IS FURTHER ORDERED that the Alternative[], [Motion] to Dismiss Certain of Defendant's Affirmative Defenses and Counterclaims contained in the same document is hereby **DENIED**.

IT IS SO ORDERED this 3rd day of August, 2006.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE