**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| OKMULGEE COUNTY RURAL WATER DISTRICT NO. 2, an agency and legally constituted authority of the State of Oklahoma,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OKMULGEE, an Oklahoma Municipality; and THE OKMULGEE PUBLIC WORKS AUTHORITY, a public trust; and the UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>Defendants. | Case No. CIV-06-167-KEW |

## **OPINION AND ORDER**

This matter comes before the Court on Defendants City of Okmulgee's and Okmulgee Public Works Authority's Motion for Summary Judgment filed January 3, 2007 (Docket Entry #57) and Plaintiff's Motion for Partial Summary Judgment Declaring Entitlement to 7 U.S.C. § 1926(b) Protection filed December 29, 2006 (Docket Entry #54). Timely responses and replies were filed to these Motions.

Plaintiff Okmulgee County Rural Water District No. 2 ("Okmulgee-2") is a non-profit association formed in accordance with the laws of the State of Oklahoma for the purpose of providing water service and is "an agency and legally constituted authority of the State of Oklahoma." Okmulgee-2 was formed under these laws in 1965. Okmulgee-2 has obtained loans from the federal government for the purpose of constructing water facilities within its

designated service area and remains indebted on those loans.

Defendants City of Okmulgee (the "City") and the Okmulgee Public Works Authority ("OPWA") own and operate water treatment and distribution facilities within Okmulgee County, Oklahoma.

On July 11, 2000, OPWA and Okmulgee-2 entered into a water sales contract. The contract addresses OPWA providing water to customers who would otherwise be located within the territory to be serviced by Okmulgee-2 in the following respect:

> **12. TERRITORIAL USE APPROVAL**
>
> As additional consideration for this Contract, [Okmulgee-2] expressly agrees to allow: (1) [OPWA] to install and use [OPWA]'s water pipeline(s) to traverse [Okmulgee-2]'s water district territory with approval by Rural Utilities Service for the purpose of [OPWA] providing water to third parties located outside the territorial limits of [Okmulgee-2]; (2) to continue to permit [OPWA] to provide water to any existing third party it is now serving, even though that third party may be in the territory of [Okmulgee-2]; and (3) after written express consent of [Okmulgee-2] and approval by Rural Utilities Service, to permit [OPWA] to provide water to a third party within [Okmulgee-2]'s territory.

(Bracketed information added by this Court.)

On June 22, 2005, OPWA and Okmulgee-2 entered into a second water sales contract. Similar to the first contract, this second agreement provided as follows:

> **12. WAIVER**
>
> As additional consideration for this Contract, [Okmulgee-2] expressly agrees to allow: (1) [OPWA] to install and use [OPWA]'s water pipeline(s) to traverse [Okmulgee-2]'s water district territory with approval by Rural Utilities

> Service for the purpose of [OPWA] providing water to third parties located outside the territorial limits of [Okmulgee-2]; (2) to continue to permit [OPWA] to provide water to any existing third party it is now serving, even though that third party may be in the territory of [Okmulgee-2]; and (3) after written express consent of [Okmulgee-2] and approval by Rural Utilities Service, to permit [OPWA] to provide water to a third party within [Okmulgee-2]'s territory.

(Bracketed information added by this Court.)

The City and OPWA have provided water service to customers within Okmulgee-2's territory prior to the execution of these contracts.

After the execution of the 2005 water sales contract, Defendant United States Department of Agriculture ("USDA") approved a loan to Okmulgee-2 in the amount of $643,800.00. At the time of the approval, USDA was aware OPWA was servicing customers within Okmulgee-2's territory.

Since the execution of the 2000 contract, OPWA has not provided service to any new customers, with the exception of a business identified as Pat's Archery and an individual identified as Teddy Townsend.

On May 5, 2006, Okmulgee-2 commenced this litigation, seeking a declaratory judgment which finds it is entitled to the protections of its water service territory under the authority of 7 U.S.C. § 1926(b). Okmulgee-2 also sought injunctive relief against OPWA and the City from encroaching on its territory and

selling waters to customers reserved by law to Okmulgee-2. Okmulgee-2 ultimately seeks the return of these customers and an award of monetary damages to compensate it for the damages it sustained due to the past sales of water by Defendants to these customers.

Defendants filed their summary judgment request, alleging Okmulgee-2 assigned its rights to service certain customers within its territory to OPWA and, therefore, any § 1926(b) protections it might have enjoyed when it executed the two water service contracts. Defendants also allege Okmulgee-2 has not "made service available" to the customers serviced by OPWA after the execution of the contracts and has failed to mitigate its damages, since Okmulgee-2 has not taken action to provide service to the two disputed customers.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of

material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

After reviewing the respective statements of the facts which the parties have proffered with their pleadings, this Court concludes that no dispute exists as to the facts which are material to the issues raised by the Motions on the issue of Okmulgee-2's alleged assignment of portions of its service area to OPWA. Consequently, the sole issue remaining for determination on this issue is whether either party is entitled to judgment as a matter of law.

The protection sought by Okmulgee-2 is afforded under 7 U.S.C. §1926(b) which is part of the Consolidated Farm and Rural Development Act (the "Act"). Section 1926(b) provides in pertinent

part:

> [t]he service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

Thus, the protections of the territories of rural water districts become effective when the district in question qualifies as an "association" as that term is intended in the legislation, that the district has a continuing indebtedness to the FmHA, and that OPWA and the City has encroached upon or invaded an area to which Okmulgee-2 "made service available." Through § 1926(b), the Act was enacted to "encourage rural water development by expanding the number of potential users and to safeguard the financial viability of rural associations and Farmers Home Administration loans." Lexington-South Elkhorn Water Dist. v. City of Wilmore, Kentucky, 93 F.3d 230, 233 (6th Cir. 1996); *see also*, Sequoyah County Rural Water Dist. No. 7 v. Muldrow, 191 F.3d 1192, 1196 (10th Cir. 1999), *cert. denied*, 529 U.S. 1037, 1049 (2000).

Clearly, for a rural water district to enjoy the protections of § 1926(b), it must possess a legal right under state law to provide that service. Moongate Water Co., Inc. v. Dona Ana Mutual Domestic Water Consumers Assoc., 420 F.3d 1082, 1089 (10th Cir.

6

2005). In this case, Okmulgee-2 expressly assigned its rights to provide water to customers then being serviced by OPWA to that entity by virtue of the contracts in 2000 and 2005. Okmulgee-2 possessed the authority under Oklahoma law to assign its rights to service its territory. Okla. Stat. tit. 82 § 1324.10(9). By so doing, Okmulgee-2 defined its legal rights to service the customers within its territory and, thus, the parameters of its federal protection under § 1926(b). In this instance, its § 1926(b) protection was assigned away along with its right to service those customers being serviced by OPWA at the time of the execution of the contracts.

This Court acknowledges the case authority which generally prohibits the application of the equitable defenses of estoppel, waiver and laches to avoid § 1926(b) protection. *See*, Pittsburg County Rural Water Dist. No. 7 v. City of McAlester, 358 F.3d 694, 711 (10th Cir. 2004). However, the case now before this Court does not require the application of judicial equity, but rather mandates the enforcement of express contractual provisions. This Court has not been presented with, nor has it discovered on its own accord, authority which precludes the conscious, explicit assignment of service rights by a rural water district, particularly with the undisputed knowledge of the USDA which provided loans to the district. As such is the case, this Court specifically finds the protections which might otherwise been afforded Okmulgee-2 under §

1926(b) are not available as they might be extended to customers serviced by OPWA prior to June 22, 2005.

As for the remaining customers to whom water service was provided by OPWA after June 22, 2005, this Court finds disputed issues of material fact exist as to whether Okmulgee-2 could make service available as defined by the case authority interpreting § 1926(b). Therefore, summary judgment in favor of either party is inappropriate as to these two customers.

IT IS THEREFORE ORDERED that Defendants City of Okmulgee's and Okmulgee Public Works Authority's Motion for Summary Judgment filed January 3, 2007 (Docket Entry #57) is hereby **GRANTED**, in part, in that Okmulgee-2 does not enjoy the protections of 7 U.S.C. § 1926(b) for customers serviced by Defendants before June 22, 2005. However, the Motion is **DENIED** as to customers serviced after June 22, 2005. Further, Plaintiff's Motion for Partial Summary Judgment Declaring Entitlement to 7 U.S.C. § 1926(b) Protection filed December 29, 2006 (Docket Entry #54) is hereby **DENIED.**

IT IS SO ORDERED this 8th day of March, 2007.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE