# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKMULGEE COUNTY RURAL WATER DISTRICT NO. 2, an agency and legally constituted authority of the State of Oklahoma, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-06-167-KEW |
| CITY OF OKMULGEE, an Oklahoma Municipality; and THE OKMULGEE PUBLIC WORKS AUTHORITY, a public trust; and the UNITED STATES DEPARTMENT OF AGRICULTURE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on Defendant United States Department of Agriculture's Motion to Dismiss filed October 16, 2006 (Docket Entry #43). Responses and a reply have been filed in a timely manner.

Defendant United States Department of Agriculture ("USDA") was added as a party Defendant in this case based upon Defendants' claimed affirmative defenses which alleged the loans granted to Plaintiff Okmulgee County Rural Water District No. 2 ("Okmulgee-2") were void. This Court ordered the addition of USDA, concluding it was a necessary party to the action. By virtue of this Motion, USDA asserts it enjoys sovereign immunity as to its inclusion in this action and, therefore, this Court does not possess the requisite jurisdiction over it. In response, Defendants now

contend they do not seek to void the loans because they assert Okmulgee-2 assigned its service rights and, consequently, the protections afforded by 7 U.S.C. § 1926(b) to the Okmulgee Public Works Authority ("OPWA").

For its part, Okmulgee-2 contends this Court possesses jurisdiction over the USDA with regard to the approval of the loans. However, it also argues jurisdiction is lacking over claims based upon the invocation of the "graduation provisions" of the loans because final agency action has not been taken on these provisions. Okmulgee-2 also finds fault in Defendants' argument made in their response concerning the assignment of servicing rights. Okmulgee-2 also asserts that if USDA is an indispensable party to Defendants' claims and defenses seeking to void the loans, then such claims and defenses should be dismissed if it is determined USDA is protected by sovereign immunity.

As an initial matter, this Court must separate the disputes in regard to USDA's inclusion in this case which are necessary to the adjudication of this action from those which are speculative and no longer viable. This Court interprets Defendants' response as a waiver of their original affirmative defenses and dismissal of their counterclaim which both assert the loans between USDA and Okmulgee-2 are void.[1] Based upon a review of Defendants' prior

---

[1] This Court notes that Defendants did not file an answer and/or counterclaim after the filing of Plaintiff's Second Amended Complaint adding USDA as a party Defendant or after the denial of their motion to dismiss by Order entered January 30, 2007. An answer should have been

2

answer and counterclaim filed in this case, the sole remaining issue which might require the inclusion of the USDA as a necessary and indispensable party Defendant is the contention that the "graduation provisions" contained in the loan documents between Okmulgee-2 and USDA should be invoked. This provision states:

> If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept such loan in sufficient amount to pay in full the indebtedness evidenced hereby.

This Court preliminarily ruled in the Opinion and Order of August 3, 2006 that the USDA had appeared to waive its sovereign immunity under the Administrative Procedures Act ("APA"), acknowledging the ruling was made without the benefits of briefing from the USDA's counsel. However, with regard to the "graduation provisions," neither Okmulgee-2 nor Defendants have indicated a "final agency action" has been taken on any discretionary determination to invoke these provisions. Consequently, this Court cannot find USDA has waived its sovereign immunity in this narrow area. Therefore, dismissal of USDA from this action is appropriate.

IT IS THEREFORE ORDERED that Defendant United States

---

filed within ten (10) days after the entry of the Order. Fed. R. Civ. P. 12(a)(4)(A). Therefore, it is impossible for this Court to determine whether Defendants would have maintained these defenses and counterclaims in a subsequently filed answer.

Department of Agriculture's Motion to Dismiss filed October 16, 2006 (Docket Entry #43) is hereby **GRANTED**, for the reasons stated in this Order.

IT IS SO ORDERED this 8th day of March, 2007.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE